GIBSON, DUNN & CRUTCHER LLP
ETHAN D. DETTMER, SBN 196046
JAIME D. BYRNES, SBN 237991
One Montgomery Street
San Francisco, California 94104
Telephone: (415) 393-8200
Facsimile: (415) 986-5309
Email: edettmer@gibsondunn.com

Attorneys for
BALLY TECHNOLOGIES, INC.

## UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

STEPHEN RACE,

               Plaintiff,

   v.

BALLY TECHNOLOGIES, INC.,
a Nevada Corporation,

               Defendant.

CASE NO.

**NOTICE OF REMOVAL OF ACTION
UNDER 28 U.S.C. § 1441**

[Superior Court in and for the County of San
Mateo, Case No. CIV 466128]

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND

TO PLAINTIFF STEPHEN RACE:

       PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1441, BALLY TECHNOLOGIES, INC. hereby removes to the United States District Court for the Northern District of California the state court action described below.

## FACTUAL BACKGROUND

1.     On September 17, 2007, plaintiff Stephen Race commenced an action against Bally Technologies, Inc. ("Bally") in the Superior Court of the State of California in and for the County of San Mateo, Case No. CIV 466128. A true and correct copy of plaintiffs' complaint is attached hereto as Exhibit A.

2.     Service of process on Bally was effected on October 7, 2007.

3.     The Complaint alleges that Race and Bally entered into an oral contract in May 2005, which provided that Race would receive an initial grant of fully vested options to purchase 50,000 shares of Bally stock, plus an additional 30,000 shares and $50,000 annually, for serving on Bally's Board of Directors. Complaint ¶¶ 6-7. The Complaint admits that Race received 50,000 shares at inception and a pro rated grant of 20,000 shares in March 2006. However, the Complaint alleges that Race was entitled to but did not receive another grant, for his final 14 months of service.

4.     No other pleadings, process or orders have been filed in the state court action.

## JURISDICTION

5.     This court has original diversity jurisdiction over plaintiffs' action pursuant to 28 U.S.C. § 1332, because the parties in interest are citizens of different states, no defendant resides in the removal forum, and because the amount in controversy in plaintiff's action exceeds $75,000.

6.     Removal is therefore proper under 28 U.S.C. § 1441(b).

## GROUNDS FOR REMOVAL

7.     Diversity of citizenship exists where the parties in interest are citizens of different states, no defendant resides in the removal forum, and the amount in controversy exceeds the statutorily prescribed jurisdictional amount of $75,000. 28 U.S.C. § 1332(a). Where these requirements are met, and no defendant is a citizen of the state in which the action is brought,

removal is appropriate. 28 U.S.C. § 1441(b). Plaintiff's complaint meets these jurisdictional requirements.

8.    First, the parties are completely diverse.

a. On information and belief, Plaintiff Stephen Race is a citizen of California.

b. Defendant Bally Technologies, Inc. is a Nevada corporation with its principle place of business in Las Vegas, Nevada.

c. Accordingly, the plaintiff and the defendant are completely diverse and therefore meet the citizenship requirements for establishing federal diversity jurisdiction.

9.    Second, the amount in controversy requirement is satisfied.

a.    Race alleges that he was entitled to an additional grant of shares of Bally Technologies stock options on May 3, 2007. Compl. ¶ 11. The value of these options exceeds $75,000.

b.    In addition, Race alleges that he is entitled to general and special damages, specific performance, and attorneys fees. Compl. - Prayer for Relief.

c.    Because plaintiff seeks an amount exceeding $75,000, plaintiff's claims are removable to federal court.

10.    Because the citizenship and amount in controversy requirements set forth in 28 U.S.C. § 1332(a) are satisfied, this case is properly removable to federal court. 28 U.S.C. § 1441(e).

## INTRADISTRICT ASSIGNMENT

11.    Pursuant to Civ. L.R. 3-2(c) and (d), assignment of this action to the San Francisco or Oakland Division is appropriate because the Complaint was filed in the San Mateo County Superior Court.

## REMOVAL PROCEDURE

12.    Bally hereby complies with 28 U.S.C. § 1446(a) by attaching hereto as Exhibit A all process, pleadings, and orders received in the state court action.

13.    This notice is timely under 28 U.S.C. § 1446 because filed within thirty days of service. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350-51 (1999).

1       14.    Bally will promptly give written notice of this Notice to plaintiff and will file a copy

2  of this notice with the clerk of the San Mateo County Superior Court, as required by 28 U.S.C.

3  § 1446(d).

4      WHEREFORE, Bally Technologies, Inc. removes the original action brought by plaintiff now

5  pending in the Superior Court for the State of California in and for the County of San Mateo to this

6  Court.

7

8  DATED:  October 26, 2007          GIBSON, DUNN & CRUTCHER LLP

9

10                      By:_____

11                            Ethan D. Dettmer

12                 Attorneys for Bally Technologies, Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441

# EXHIBIT A



1  Cliff Palefsky, Esq. (State Bar No. 77683)
2  Carolyn Leary (State Bar No. 226845)
   McGUINN, HILLSMAN & PALEFSKY
3  535 Pacific Avenue
   San Francisco, CA 94133
4  Telephone: (415) 421-9292

5  Attorneys for Plaintiff,
   STEPHEN RACE
6

7

**FILED**
SAN MATEO COUNTY

SEP 1 7 2007

Clerk of the Superior Court
By _____
DEPUTY CLERK

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SAN MATEO

10                       (Unlimited Jurisdiction)

11

12

13  STEPHEN RACE,                      )   Case No. **CIV** 4 6 6 1 2 8
                                       )
14              Plaintiff,             )   **COMPLAINT FOR BREACH OF**
                                       )   **CONTRACT AND SPECIFIC**
15  v.                                 )   **PERFORMANCE**
                                       )
16  BALLY TECHNOLOGIES, INC., and      )   **JURY TRIAL DEMANDED**
    DOES 1 through 10,                 )
17                                     )   Unlimited Jurisdiction:
18              Defendants.            )   Damages sought exceed $25,000.00
                                       )
19  _____        )

20

21      Plaintiff STEPHEN RACE alleges as follows:

22      1.    At all relevant times arising under this Complaint, Defendant BALLY

23  TECHNOLOGIES, INC. ("Bally" or "Defendant") was a corporation authorized to do

24  business, and doing business in the state of California. Bally is in the business of

25  designing, manufacturing, and distributing slot and video machines for the gaming

26  industry.

27

28

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

Complaint                                                                    1

2.    The contract sued on in this action was entered into in San Mateo County, California.

3.    The true names and capacities, whether individual, corporate, associate or otherwise and the true involvement of defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff will amend this Complaint to show the true names, capacities and involvement when ascertained.  Plaintiff is informed and believes, and thereon alleges, that each of the defendants designated as a DOE is responsible in some manner for the events and happenings herein referred to, and that Plaintiff's injuries and damages as hereinafter set forth were proximately caused by said defendants.

4.    Plaintiff is informed and believes and thereon alleges that at all times herein alleged, each defendant was an agent, employee or representative of the other defendants, ratified the conduct of the other defendants, and/or was at all times acting within the purpose and scope of such agency.

## FACTS COMMON TO ALL CAUSES OF ACTION

5.    In approximately May 2005, Jac Andre, the Chair of the Bally Board's Nomination and Governance Committee, called Plaintiff at Plaintiff's workplace in San Mateo County, California and offered Plaintiff a position on the Board of Directors of Bally.  Andre informed Plaintiff that Plaintiff would be filling the position of a Director who had recently retired and whose term was to end as of the annual shareholders' meeting in May 2007.

6.    Andre also informed Plaintiff that, in connection with Plaintiff's position as Director, Plaintiff would be entitled to an initial grant of fully vested options to purchase 50,000 shares of Bally common stock immediately upon his appointment to the Board

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

Complaint

2

of Directors, as well as an annual grant of fully vested options to purchase 30,000 shares of common stock. The annual award of fully vested options would be granted each year at the time of the annual shareholders' meeting.

7.    In addition to the options, Defendant informed Plaintiff that he would be entitled to a $50,000 annual payment, as well as $5,000 per year for each committee on which he served.

8.    From his office in San Mateo County, California, Plaintiff accepted Defendant's offer to serve as Director and accepted the terms of the above-described compensation arrangement ("the Compensation Agreement").

9.    In late June 2005, Plaintiff was officially elected to the Board, at which time he was granted the initial, fully vested option to purchase 50,000 shares.

10.    Following the annual shareholders' meeting on March 6, 2006, Plaintiff received his first additional annual grant of fully vested options. Because Plaintiff had only served on the Board for eight months, the grant was prorated and Plaintiff received a fully vested option to purchase 20,000 shares.

11.    Plaintiff's term as Director ended on May 3, 2007, the date of the annual shareholders' meeting. At that time, Plaintiff was entitled to an additional grant of fully vested options for the prior fourteen months of his service as a director. However, Bally has refused to grant Plaintiff the options to which he was entitled.

### FIRST CAUSE OF ACTION
**(Breach of Contract)**

12.    Plaintiff incorporates by reference as though fully set forth every allegation of ¶¶ 1 through 11 above.

13.    Pursuant to the terms of the Compensation Agreement, Defendant was obliged to issue Plaintiff an additional grant of fully vested options as part of Plaintiff's

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

Complaint

3

1  compensation for service as a Board member from March 7, 2006 to May 3, 2007.

2  Defendant refused and failed to grant Plaintiff the additional options.

3       14.    In refusing and failing to grant Plaintiff the additional fully vested options

4  due to him at the 2007 annual shareholders' meeting, Defendant has breached the

5  Compensation Agreement.

6

7       15.    Plaintiff has performed all of the covenants, conditions, and obligations

8  under the terms of the Compensation Agreement, except those which have been

9  excused or made impossible to perform by Defendant's conduct.

10      16.    As a direct and proximate result of Defendant's conduct, Plaintiff has

11  suffered damages, including a loss of income and benefits in an amount in excess of

12  the jurisdictional limits of the Superior Court.

13

14      WHEREFORE, Plaintiff prays judgment as is further set forth below.

15                    **SECOND CAUSE OF ACTION**
                        **(Specific Performance)**

16

17      17.    Plaintiff incorporates by reference every allegation of ¶¶ 1 through 16, above.

18      18.    In consideration for Defendant's promise of stock options pursuant to the

19  Compensation Agreement, Plaintiff competently performed the duties to which he was

20  assigned. The consideration set forth in the Compensation Agreement was the fair and

21  reasonable value of Plaintiff's services at the time the Agreement was entered into and the

22  Agreement is, as to Defendant, just and reasonable.

23

24      19.    Plaintiff has performed all of the terms, conditions, and obligations required

25  to be performed by him under the Compensation Agreement.

26      20.    Defendant breached the terms, conditions and obligations required to be

27  performed by it under the Compensation Agreement in that Defendant has refused to grant

28  Plaintiff the additional stock options to which he is entitled.

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

Complaint                                                                    4

21.    Plaintiff has no adequate legal remedy in that the stock options are unique and not available on the open market.

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

## PRAYER FOR RELIEF

1.    For general and special damages;

2.    For interest on all sums awarded at the maximum legal rate;

3.    Attorneys fees;

4.    For an order that Defendant deliver to Plaintiff certain options to purchase stock as identified herein;

5.    For such other relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

DATED:    September 13, 2007

McGUINN, HILLSMAN & PALEFSKY
Attorneys for Plaintiff

By:    _____
         Cliff Palefsky

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

Complaint                                    5

09/19/07  15:32 FAX 415 403 0202     McGUINN, HILLSMAN     ☑002/002

| | SUM-100 |

## SUMMONS
### (CITACION JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
STEPHEN RACE

**FILED**
SAN MATEO COUNTY

**SEP 2 0 2007**

Clerk of the Superior Court
By _____
DEPUTY CLERK

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
BALLY TECHNOLOGIES, INC. and DOES 1 through 10

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene **30 DÍAS DE CALENDARIO** después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

| CASE NUMBER (Número del Caso): **CIV 4 6 6 1 2 8** |

BY FAX

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

DATE:     **JOHN C. FITTON**     Clerk, by _____, Deputy
*(Fecha)* **SEP 2 0 2007**     *(Secretario)*     *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

# NOTICE OF CASE MANAGEMENT CONFERENCE

**CV4 6 6 1 2 8**

_Stephen Rack_

vs.

_Bally Technology_

Case No. _____

Date: _____ **JAN 2 5 2008**

Time: 9:00 a.m.

Dept. 2 — on Tuesday & Friday
Dept. 8 — on Wednesday & Thursday

You are hereby given notice of your Case Management Conference. The date, time and department have been written above.

1. In accordance with applicable California Rules of Court and Local Rules 2.3(d)1-4 and 2.3(m), you are hereby ordered to:

    a. Serve all named defendants and file proofs of service on those defendants with the court within **60 days** of filing the complaint (CRC 3.110).

    b. Serve a copy of this notice, Case Management Statement and ADR Information Sheet on all named parties in this action.

    c. File and serve a completed Case Management Statement at least **15 days** before the Case Management Conference [CRC 3.725]. Failure to do so may result in monetary sanctions.

    d. Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than **30 days** before the date set for the Case Management Conference.

2. **If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order To Show Cause hearing will be at the same time as the Case Management Conference hearing. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.**

3. Continuances of case management conferences are highly disfavored unless good cause is shown.

4. Parties may proceed to an appropriate dispute resolution process ("ADR") by filing a Stipulation To ADR and Proposed Order (see attached form.). If plaintiff files a Stipulation To ADR and Proposed Order electing to proceed to judicial arbitration, the Case Management Conference will be taken off the court calendar and the case will be referred to the Arbitration Administrator. If plaintiffs and defendants file a completed stipulation to another ADR process (e.g., mediation) **10 days** prior to the first scheduled case management conference, the case management conference will be continued for 90 days to allow parties time to complete their ADR session. The court will notify parties of their new case management conference date.

5. If you have filed a default or a judgment has been entered, your case is not automatically taken off the Case Management Conference Calendar. If "Does", "Roes", etc. are named in your complaint, they must be dismissed in order to close the case. If any party is in bankruptcy, the case is stayed only as to that named party.

6. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

7. The Case Management judge will issue orders at the conclusion of the conference that may include:

    a. Referring parties to voluntary ADR and setting an ADR completion date;

    b. Dismissing or severing claims or parties;

    c. Setting a trial date.

8. The Case Management judge may be the trial judge in this case.

For further information regarding case management policies and procedures, see the court website at www.sanmateocourt.org.

* Telephonic appearances at case management conferences are available by contacting CourtCall, LLC, an independent vendor, at least 5 business days prior to the scheduled conference (see attached CourtCall information).

| | CM-110 |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |

TELEPHONE NO.:            FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
   STREET ADDRESS: **Superior Court of California**
  MAILING ADDRESS: **County of San Mateo**
 CITY AND ZIP CODE: **400 County Center**
   BRANCH NAME: **Redwood City, CA  94063-1655**

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| (Check one):  ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000)  ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:
Date:          Time:         Dept.:        Div.:        Room:
Address of court *(if different from the address above)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
  a. ☐ This statement is submitted by party *(name)*:
  b. ☐ This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
  a. ☐ The complaint was filed on *(date)*:
  b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
  a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
  b. ☐ The following parties named in the complaint or cross-complaint
    (1) ☐ have not been served *(specify names and explain why not)*:
    (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
    (3) ☐ have had a default entered against them *(specify names)*:
  c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4. **Description of case**
  a. Type of case in ☐ complaint ☐ cross-complaint *(describe, including causes of action)*:

---

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Page 1 of 4
Cal. Rules of Court,
rules 3.720–3.730
www.courtinfo.ca.gov

| | CM-110 |
|---|---|
| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | |

10. d. The party or parties are willing to participate in *(check all that apply):*

(1) ☐ Mediation

(2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

(3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

(4) ☐ Binding judicial arbitration

(5) ☐ Binding private arbitration

(6) ☐ Neutral case evaluation

(7) ☐ Other *(specify):*

e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**11. Settlement conference**

☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

**12. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:.

**14. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 14a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**15. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**CASE MANAGEMENT STATEMENT**

Superior Court of California - County of San Mateo

## ADR Stipulation and Evaluation Instructions

In accordance with *Local Rule 2.3(i)(3)*, all parties going to ADR must complete a Stipulation and Order to ADR and file it with the Clerk of the Superior Court. The Office of the Clerk is located at:

> Clerk of the Superior Court, Civil Division
> Attention: Case Management Conference Clerk
> Superior Court of California, County of San Mateo
> 400 County Center
> Redwood City, CA 94063-1655

There is no filing fee for filing the stipulation. An incomplete stipulation will be returned to the parties by the Clerk's Office. All stipulations must include the following:

- ❑ Original signatures for all attorneys (and/or parties in pro per);
- ❑ The name of the neutral;
- ❑ Date of the ADR session; and
- ❑ Service List (Counsel need not serve the stipulation on parties).

Parties mutually agree on a neutral and schedule ADR sessions directly with the neutral. If parties would like a copy of the San Mateo County Superior Court's ADR Panelist List and information sheets on individual panelists, they may go to the court's website (see below) or contact the ADR Coordinator at (650) 363-1962 or (650) 599-1070.

## If Filing the Stipulation Prior to an Initial Case Management Conference

To stipulate to ADR prior to the initial case management conference, parties must file a completed stipulation at least 10 days before the scheduled case management conference. The clerk will send notice of a new case management conference date approximately 90 days from the current date to allow time for the ADR process to be completed.

## If Filing Stipulation Following a Case Management Conference

When parties come to an agreement at a case management conference to utilize ADR, they have 21 days from the date of the case management conference to file a Stipulation and Order to ADR with the court [*Local Rule 2.3(i)(3)*].

## Post-ADR Session Evaluations

*Local Rule 2.3(i)(5)* requires submission of post-ADR session evaluations within 10 days of completion of the ADR process. Evaluations are to be filled out by both attorneys and clients. A copy of the Evaluation By Attorneys and Client Evaluation are attached to the ADR Panelist List or can be found on the court's web site.

## Non-Binding Judicial Arbitration

Names and dates are not needed for stipulations to judicial arbitration. The Judicial Arbitration Administrator will send a list of names to parties once a stipulation has been submitted. The Judicial Arbitration Administrator can be contacted at (650) 363-4896. For further information regarding San Mateo Superior Court's ADR program, contact the ADR offices at (650) 599-1070 or the court's ADR web site at http//www.co.sanmateo.ca.us.sanmateocourts/adr.htm.

ADR-CV-1 [Rev. 9/04]

www.sanmateocourt.org

SUPERIOR COURT OF CALIFORNIA – COUNTY OF SAN MATEO

## APPROPRIATE DISPUTE RESOLUTION INFORMATION SHEET

In addition to the court provided voluntary and mandatory settlement conferences, this court has established, in partnership with the community and Bar Association, the Multi-Option ADR Project. Recognizing that many civil disputes can be resolved without the time and expense of traditional civil litigation, the San Mateo County Superior Court encourages the parties in civil cases to explore and pursue the use of Appropriate Dispute Resolution

## WHAT IS APPROPRIATE DISPUTE RESOLUTION?

Appropriate Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes that are alternatives to lawsuits. Types of ADR processes include arbitration, mediation, neutral evaluation, mini-trials, settlement conferences, private judging, negotiation, and hybrids of these processes. All ADR processes offer a partial or complete alternative to traditional court litigation for resolving disputes.

## WHAT ARE THE ADVANTAGES OF USING ADR?

ADR can have a number of advantages over traditional court litigation.

- **ADR can save time.** Even in a complex case, a dispute can be resolved through ADR in a matter of months or weeks, while a lawsuit can take years.

- **ADR can save money.** By producing earlier settlements, ADR can save parties and courts money that might otherwise be spent on litigation costs (attorney's fees and court expenses).

- **ADR provides more participation.** Parties have more opportunity with ADR to express their own interests and concerns, while litigation focuses exclusively on the parties' legal rights and responsibilities.

- **ADR provides more control and flexibility.** Parties can choose the ADR process most appropriate for their particular situation and that will best serve their particular needs.

- **ADR can reduce stress and provide greater satisfaction.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere found in litigation. Surveys of disputants who have gone through ADR have found that satisfaction with ADR is generally high, especially among those with extensive ADR experience.

### Arbitration, Mediation, and Neutral Evaluation

Although there are many different types of ADR processes, the forms most commonly used to resolve disputes in California State courts are Arbitration, Mediation and Neutral Evaluation. The Multi-Option ADR Project a partnership of the Court, Bar and Community offers pre-screened panelists with specialized experience and training in each of these areas.

<u>Arbitration:</u> An arbitrator hears evidence presented by the parties, makes legal rulings, determines facts and makes an arbitration award. Arbitration awards may be entered as judgments in accordance with the agreement of the parties or, where there is no agreement, in accordance with California statutes. Arbitrations can be

| Attorney or Party without Attorney<br>(Name, Address, Telephone, Fax, State Bar membership number): | Court Use Only |
|---|---|
| **Superior Court of California, County of San Mateo**<br>Hall of Justice and Records<br>400 County Center<br>Redwood City, CA 94063-1655   (650) 363-4711 | |
| Plaintiff(s): | Case Number: |
| Defendant(s): | Current CMC Date: |

## STIPULATION AND ORDER TO APPROPRIATE DISPUTE RESOLUTION

Plaintiff will file this stipulation with the Clerk's Office 10 days prior to or 3 weeks following the first Case Management Conference unless directed otherwise by the Court and ADR Director [*Local Rule 2.3(i)(3)*]. Please attach a Service List.

The parties hereby stipulate that all claims in this action shall be submitted to (select one):

☐ Voluntary Mediation
☐ Neutral Evaluation
☐ **Non-Binding Judicial Arbitration CCP 1141.12**
☐ Other: _____

☐ Binding Arbitration (private)
☐ Settlement Conference (private)
☐ Summary Jury Trial

Case Type: _____

Neutral's name and telephone number: _____

Date of session: _____
(Required for continuance of CMC except for non-binding judicial arbitration)

Identify by name the parties to attend ADR session: _____

### ORIGINAL SIGNATURES

Type or print name of ☐ Party without attorney

☐ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant

☐ Attorney for (Signature)

Attorney or Party without attorney

Type or print name of ☐ Party without attorney

☐ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant

☐ Attorney for (Signature)

Attorney or Party without attorney

ADR-CV-2 [Rev. 9/04]          Page 1 of 2          www.sanmateocourt.org

## STIPULATION AND ORDER TO APPROPRIATE DISPUTE RESOLUTION

---
Type or print name of ☐Party without attorney

☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant

---
☐Attorney for (Signature)

Attorney or Party without attorney

---
Type or print name of ☐Party without attorney

☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant

---
☐Attorney for (Signature)

Attorney or Party without attorney

**IT IS SO ORDERED:**

DATE:

---
JUDGE OF THE SUPERIOR COURT OF SAN MATEO COUNTY

Superior Court of California, County of San Mateo

**DIVISION II**

**COURT MANAGEMENT - SUPERIOR COURT**

**CHAPTER 1. FORM AND SERVICE OF PAPERS**

## Rule 2.0  Transfer of Court-Related Functions of the County Clerk to the Superior Court

Pursuant to the authority contained in Government Code section 69898, the court hereby transfers from the County Clerk to the Superior Court Executive Officer, under the direction of the Presiding Judge, all of the powers, duties, and responsibilities required or permitted to be executed or performed by the County Clerk in connection with judicial actions proceedings, and records.

(Adopted, effective July 1, 1996.)

## Rule 2.1  Form of Papers Presented for Filing

Reference, CRC, rule 2.100, et seq.

(Adopted, effective July 1, 1996) (Amended effective January 1, 2000) (Amended, effective January 1, 2007)

## Rule 2.1.1 Citations to Non-California Authorities.

(Adopted, effective July 1, 1996)(Repealed, effective January 1, 1999)

## Rule 2.1.2   Requests for Judicial Notice

(Adopted, effective July 1, 1996)(Repealed, effective January 1, 1999)

## Rule 2.1.3 California Environmental Quality Act (CEQA)

If a petition for writ of mandate includes claims under CEQA (Public Resources Code section 21000 et. seq.), the case will be assigned to a judge designated to hear CEQA actions pursuant to Public Resources Code section 21167.1.  Plaintiff shall identify the petition as being filed pursuant to "CEQA" on the face of the petition.

(Adopted, effective January 1, 1999)(renumbered from 2.1.4 effective January 1,2000)

## Rule 2.1.4 Documents Produced Through a Nonparty

If a party proposes to obtain documents in the custody of a nonparty, as by a subpoena duces tecum, and such documents may be produced by certification or otherwise in lieu of personal appearance by a witness custodian, the request for such documents should specify that they be delivered not later than the first day for which the trial is calendared.

(Adopted, effective January 1, 2000)

Superior Court of California, County of San Mateo

(c)     Cases filed after July 1, 1992

Upon the filing of a complaint after July 1, 1992, the case shall be subject to all of the civil case management system rules set forth below. Cases filed <u>before</u> July 1, 1992 shall also be subject to these rules except for subsection (d) (Filing and service of pleadings; exceptions).

(d)     Filing and service of pleadings; exceptions.

(1)     Complaint: Except as provided in paragraph 5 below, plaintiff shall within 60 days after filing of the complaint serve the complaint on each defendant along with:

(A)     A blank copy of the Judicial Council Case Management Statement;

(B)     A copy of Local Rule 2.3;

(C)     The Notice of Case Management Conference.

If a matter has been submitted to arbitration pursuant to uninsured motorist insurance, the plaintiff shall file a notice to that effect with the court at the time of filing the complaint, or at the time the matter is submitted. The notice shall include the name, address and telephone number of the insurance company, along with the claim number or other designation under which the matter is being processed.

(2)     Cross-complaint: Except as provided in paragraph 5 below, each defendant shall within 30 days after answering the complaint file any cross-complaint (within 50 days if compliance with a governmental claims statute is a prerequisite to the cross-complaint) not already served with the answer under Code of Civil Procedure section 428.50 and serve with that cross-complaint:

(A)     A blank copy of the Judicial Council Case Management Statement;

(B)     A copy of Local Rule 2.3;

(C)     The Notice of Case Management Conference.

(3)     Responsive pleadings: Except as provided in paragraph 5 below, each party served with a complaint or cross-complaint shall file and serve a response within 30 days after service. The parties may by written agreement stipulate to one 15-day extension to respond to a complaint or cross-complaint.

If the responsive pleading is a demurrer, motion to strike, motion to quash service of process, motion for a change of venue or a motion to stay or dismiss the case on forum non conveniens grounds, and the demurrer is overruled or the motion denied, a further responsive pleading shall be filed within 10 days following notice of the ruling unless otherwise ordered. If a demurrer is sustained or a motion to strike is granted with leave to amend, an amended complaint shall be filed within 10 days following notice of the ruling unless otherwise ordered. The court may fix a time for filing pleadings responsive to such amended complaint.

(4)     Proofs of service: Proofs of service must be filed at least 10 calendar days before the case management conference.

(5)     Exceptions for longer periods of time to serve or respond:

Superior Court of California, County of San Mateo

specified, relief from the scheduled trial date may not be obtained based upon the ground that counsel is engaged elsewhere.

(7)    Conference orders:  At the initial conference, the program judge will make appropriate pre-trial orders that may include the following:

(A)    An order referring the case to arbitration, mediation or other dispute resolution process;

(B)    An order transferring the case to the limited jurisdiction of the superior court;

(C)    An order assigning a trial date;

(D)    An order identifying the case as one which may be protracted and determining what special administrative and judicial attention may be appropriate, including special assignment;

(E)    An order identifying the case as one which may be amenable to early settlement or other alternative disposition technique;

(F)    An order of discovery; including but not limited to establishing a discovery schedule, assignment to a discovery referee, and/or establishing a discovery cut-off date;

(G)    An order scheduling the exchange of expert witness information;

(H)    An order assigning a mandatory settlement conference date pursuant to Local Rule 2.3(k) and 2.4; and

(I)    Other orders to achieve the interests of justice and the timely disposition of the case.

(8)    CourtCall Telephonic Appearances

(A)    Reference CRC, Rule 3.670

(B)    Procedure.  Telephonic appearances through the use of CourtCall, an independent vendor, are permitted at case management conference hearings.  A party wishing to make a telephone appearance must serve and file a Request for Telephone Appearance Form with CourtCall not less than five court days prior to the case management conference hearing.  Copies of the Request for CourtCall Appearance form and accompanying information sheet are available in the Clerk's office.  There is a fee to parties for each CourtCall appearance and fees are paid directly to CourtCall.  CourtCall will fax confirmation of the request to parties.

(C)    On the day of the case management conference hearing, counsel and parties appearing by CourtCall must check-in five minutes prior to the hearing.  Check-in is accomplished by dialing the courtroom's dedicated toll-free teleconference number and access code that will be provided by CourtCall in the confirmation.  Any attorney or party calling after the check-in period shall be considered late for the hearing and shall be treated in the same manner as if the person had personally appeared late for the hearing.

Superior Court of California, County of San Mateo

state that parties have: (i) notified both the judicial arbitration and ADR coordinators; (ii) cancelled the judicial arbitration hearing; (iii) scheduled the ADR session within five months of the previously scheduled judicial arbitration hearing; and (iv) stipulated to a trial date, which is not more than six months from the previously scheduled judicial arbitration hearing.

(i)    Stipulations to Private ADR

(1)    If a case is at issue and all counsel and each party appearing in propria persona stipulate in writing to ADR and file a completed Stipulation and Order to ADR with the clerk of the court at least ten (10) calendar days before the first scheduled case management conference, that conference shall be continued 90 days. The court shall notify all parties of the continued case management conference.

(2)    If counsel and each party appearing in propria persona are unable to agree upon an appropriate ADR process, they shall appear at the case management conference.

(3)    Following an appearance at a case management conference hearing, parties shall, within 21 calendar days , file a completed Stipulation to ADR and Proposed Order identifying the name of the ADR provider, date of ADR session and the names of those who will be in attendance at the ADR session. The completed Stipulation to ADR and Proposed Order shall be filed with the court by plaintiff's counsel. The parties, through counsel, if represented, shall confer with the court's Multi-Option ADR Project (M.A.P.) staff if they cannot agree on a provider. Plaintiff's counsel, shall additionally, send a copy of the completed Stipulation to the court's M.A.P. offices within the same 21-day period.

(4)    All parties and counsel shall participate in the ADR process in good faith.

(5)    To maintain the quality of ADR services the court requires cooperation from all parties, counsel and ADR providers in completing ADR evaluation forms, and returning these forms to the M.A.P. offices within 10 calendar days of the completion of the ADR process.

(6)    In accordance with the Code of Civil Procedure, section 1033.5(c)(4), the court, in its discretion, may allow the prevailing party at trial the fees and expenses of the ADR provider, unless there is a contrary agreement by the parties.

(j)    Setting Short Cause Matters

If the parties agree that the time estimated for trial is 5 hours or less prior to the conference, a written stipulation shall be filed at least 10 calendar days before the case management conference in order to avoid the need to appear at that conference and a copy immediately sent to the Master Calendar Coordinator. In the absence of a stipulation, either party may file a motion to have the matter designated a "short cause" and set the case accordingly. All such matters shall be presumed short cause unless the contrary is established at the hearing on the motion.

(k)    Law and Motion

All law and motion matters shall be heard by the regularly assigned Law and Motion judge.

(l)    Settlement Conferences

All cases not assigned to arbitration or some other dispute resolution mechanism will be assigned two settlement conference dates, the first of which will be at the earliest practicable date under the circumstances presented by the case, and the second within approximately two

Superior Court of California, County of San Mateo

(2)    Any persons whose consent is required to authorize settlement shall personally attend; those parties that are corporations shall have in attendance an officer or other employee with authority to bind the corporation. Powers of attorney, oral or written, granting counsel settlement authority are unacceptable as a substitute for personal attendance at this conference. Defendant and cross-defendant shall personally attend if there is no insurance coverage, if there is an unsatisfied deductible, or if the insurance carrier is demanding that the insured contribute to settlement.

(3)    With respect to any insured party, a representative of the insurance carrier with authority to settle which is meaningful considering the exposure to loss presented shall personally attend. If the claims representative in personal attendance has any limitation on his or her settlement authority, a representative of the carrier who has no such limitations shall be available to the court by telephone and shall remain available until released by the judge conducting the conference, regardless of the time of day at the location of that representative.

(4)    Upon arrival at the department to which the conference has been assigned, counsel shall check in with the clerk and shall verify the attendance of those persons whose presence is required.

(5)    Notwithstanding the provisions of CRC 3.1380(c), no later than five(5) court days before the date set for the settlement conference each party shall lodge with the office of the court administrator and serve on all other parties a written statement setting forth the following:

(A)    A statement of facts.

(B)    The contentions of each party to the action regarding liability and damages.

(C)    An itemized list of special damages.

(D)    In any case in which personal injury is claimed:

(i)    A description of the nature and extent of any injury claimed, including residuals.

(ii)    A description of the basis for and method of calculation of any claimed wage loss.

(E)    The most recent demand and offer or a description of any other proposed settlement between or among the parties.

(6)    All parties shall be prepared to make a bona fide offer of settlement.

(b).    The personal attendance of any person who is required by these rules to be present may be excused only by the presiding judge upon application made prior to the day on which the conference is scheduled. Any such person whose attendance is excused must remain available by telephone until he or she has been excused by the judge conducting the conference regardless of the time of day at the location of that person.

(c)    No conference may be continued without the consent of the presiding judge or, if known, the judge to whom the case has been assigned for conference.

Superior Court of California, County of San Mateo

# CHAPTER 4. JURY RULES

Rule 2.7 Length of Jury Service

In compliance with CRC 2.1002, a person has fulfilled his or her jury service obligation when he or she has:

(a)     Served on one trial until discharged.

(b)     Been assigned on one day for jury selection until excused by the jury commissioner.

(c)     Attended court but was not assigned to a trial department for selection of a jury before the end of that day.

(d)     Been assigned to a trial department for selection of a jury and has been excused by the trial judge.

(e)     Served one day on call.

(f)     Served no more than 5 court days on telephone standby.

(Adopted, effective January 1, 2000) (Amended, effective January 1, 2007)

Rule 2.7.1  Proposed Jury Instructions

(a)     Reference California Rules of Court, Rules 2.1055 and 2.1050.

(b)     The Trial Department shall determine in its discretion the timing of submission of proposed jury instructions.

(Amended, effective January 1, 2002) (Amended, effective January 1, 2006) (Amended, effective January 1, 2007)

Rule 2.7.2 Duty Of Counsel with Respect to Jury Instructions

Before delivery of proposed jury instructions to the trial judge and opposing counsel, counsel shall fill in all blanks, make all strikeouts, insertions and modifications therein which are appropriate to the case. Submission of a form, which requires additions or modifications to constitute a complete and intelligible instruction, shall not be deemed a request for such instruction.

In addition to a hard copy of the proposed jury instructions, counsel shall provide the modified instructions on a computer diskette, and a clean copy of the instructions to be given to the jury.

(Adopted, effective January 1, 2000) (Amended, effective January 1, 2006)

Rule 2.7.3 Form of Proposed Jury Instructions (CCP §§ 607a, 609.)

All proposed jury instructions shall conform to the requirements of California Rules of Court, Rule 2.1055. Any jury instructions requested after the conclusion of taking evidence shall be in writing. The court, in its discretion, may permit instructions to be sent into the jury room in "Booklet Form". In

Superior Court of California, County of San Mateo

Rule 2.7.6  Refund of Jury Fees:  Duty to Notify Court

Jury fees shall be refunded pursuant to CCP Section 631.3 only if the party depositing the fees has given the master calendar coordinator written notice, at least two court days before the trial date, that the case settled, dropped or that the party's motion for continuance has been granted.

(Adopted, effective July 1, 2004 [former Rule 2.6])

# CHAPTER 5.  GENERAL RULES

Rule 2.8  Family Law Rules

The local rules of San Mateo Superior Court relating to Family Law are contained in Division V of these rules, *infra*.

(Adopted, effective July 1, 1996)

Rule 2.9  Required Action

Action shall be taken on all calendared cases and a future date for action shall always be set.  No case shall go "off calendar" without a future action being set.

(Adopted, effective July 1, 1996.)

Rule 2.10  Interpreters and Translators

a)    Notice.  When a party desires an interpreter, it shall be the responsibility of that party to give notice to the Court and all other parties of record.  That party shall make arrangements for the presence and the payment of the interpreter.

b)    Qualifications.  Unless the interpreter is an official court interpreter, the interpreter's name and qualifications shall be provided to the court and opposing counsel five (5) court days prior to the date of the interpreter's appearance .  If the interpreter is an official court interpreter, no prior disclosure is required.

c)    Relations or friends.  Without the consent of all parties, a relation or a friend may not be used as an interpreter or translator in a contested proceeding.

(Adopted, effective January 1, 2000)

Rules 2.11 thru 2.19 (Reserved)

# CHAPTER 6.  CIVIL TRIAL RULES

Rule 2.20  Trial Motions, Briefs, Statements, and Witness Lists

Upon assignment to a trial department for trial by a jury, each party shall file with that department the following:
(1)    Any in limine motions and response thereto;
(2)    Any trial briefs;

Superior Court of California, Count, .. San Mateo

C.    Application to Designate or Counter-Designate an Action as a Complex Case.

Any party who files either a Civil Case Cover Sheet (pursuant to California Rules of Court, Rule 3.401) or a counter or joinder Civil Case Cover Sheet (pursuant to California Rules of Court, Rule 3.402, subdivision (b) or (c)), designating an action as a complex case in Items 1, 2 and/or 5, must also file an accompanying Certificate Re: Complex Case Designation in the form prescribed by the Court.  The certificate must include supporting information showing a reasonable basis for the complex case designation being sought.  Such supporting information may include, without limitation, a brief description of the following factors as they pertain to the particular action:

(1)    Management of a large number of separately represented parties;
(2)    Complexity of anticipated factual and/or legal issues;
(3)    Numerous pretrial motions that will be time-consuming to resolve;
(4)    Management of a large number of witnesses or a substantial amount of documentary evidence;
(5)    Coordination with related actions pending in one or more courts in other counties, states or countries or in a federal court;
(6)    Whether or not certification of a putative class action will in fact be pursued; and
(7)    Substantial post-judgment judicial supervision.

A copy of the Certificate Re: Complex Case Designation must be served on all opposing parties.  Any certificate filed by a plaintiff shall be served along with the initial service of copies of the Civil Case Cover Sheet (pursuant to California Rules of Court, Rule 3.401), summons, and complaint in the action.  Any certificate filed by a defendant shall be served together with the service of copies of the counter or joinder Civil Case Cover Sheet (pursuant to California Rules of Court, Rule 3.402, subdivision (b) or (c)) and the initial first appearance pleading(s).

D.    Noncomplex Counter-Designation.

If a Civil Case Cover Sheet designating an action as a complex case and the accompanying Certificate Re: Complex Case Designation has been filed and served and the Court has not previously declared the action to be a complex case, a defendant may file and serve no later than its first appearance a counter Civil Case Cover Sheet designating the action as not a complex case.  Any defendant who files such a noncomplex counter-designation must also file and serve an accompanying Certificate Re: Complex Case Designation in the form prescribed by this Court and setting forth supporting information showing a reasonable basis for the noncomplex counter-designation being sought.

Once the Court has declared the action to be a complex case, any party seeking the Presiding Judge's decision that the action is not a complex case must file a noticed motion pursuant to Section H below.

E.    Decision by Presiding Judge on Complex Case Designation; Early Status Conference.

If a Civil Case Cover Sheet designating an action as a complex case and the accompanying Certificate Re: Complex Case Designation have been filed and served, the Presiding Judge shall decide as soon as reasonably practicable, with or without a hearing, whether the action is a complex case and should be assigned to a single judge for all purposes.

Upon the filing of a Civil Case Cover Sheet designating an action as a complex case and the accompanying Certificate Re: Complex Case Designation, the Clerk of the Court shall set a status conference at which the Presiding Judge shall decide whether or not the action is a complex case.  This status conference shall be held no later than (a) 60 days after the filing of a Civil Case Cover Sheet by a plaintiff (pursuant to California Rules of Court, Rule 3.401) or (b) 30 days after the filing of a counter

# SAN MATEO SUPERIOR COURT

## COURTCALL TELEPHONIC APPEARANCES

### JANUARY, 2004

Until further notice, voluntary telephonic appearances ("CourtCall Appearances") may continue to be made for Case Management Conferences in Departments 6 (Judge Kopp) and 21 (Judge Foiles), and for Civil Law and Motion matters in Department 1 (Judge Mittlesteadt) from 1/1/04 to 6/30/04 or Department 3 (Judge Freeman) from 7/1/04 to 12/31/04.

Counsel may make a CourtCall Appearance as follows:

1. NOT LESS THAN FIVE (5) COURT DAYS BEFORE THE HEARING DATE IN DEPARTMENTS 6 AND 21 AND NOT LATER THAN 4:30 P.M. ON THE COURT DAY PRIOR TO HEARING IN DEPARTMENT 1 (1/1-6/30) or DEPARTMENT 3 (7/1-12/31) serve and file with CourtCall (not the Court!) a Request for CourtCall Telephonic Appearance (included in this package);

2. Pay a fee of $55.00 to CourtCall, LLC.

Required filing and payment procedures are detailed within the instruction sheet "How to Use CourtCall," (see reverse). A confirmation from CourtCall, LLC, will be faxed to your office upon the filing and payment outlined above.

A CourtCall Appearance is made as part of a participating Department's usual calendar. Unless notified to the contrary, all counsel who have timely filed their Request and have paid the fee may appear by dialing the toll-free teleconference number provided by CourtCall, LLC. A pre-hearing check-in will occur five minutes before the scheduled hearing time. CourtCall Appearances will generally be afforded a calendar preference.

A CourtCall Appearance is voluntary and may be made without consent of the other party or advance consent of the Court. The Court, however, reserves the discretion to require personal appearance. In matters where only one party elects to make a CourtCall Appearance, the matter will be heard on the Court's speakerphone.

See reverse side for "How to Use CourtCall"

# COURTCALL, LLC

*Telephonic Court Appearances*
6365 ARIZONA CIRCLE
LOS ANGELES, CALIFORNIA 90045
(TEL) (310) 342-0888 (888) 88-COURT
(FAX) (310) 743-1850 (888) 88-FAXIN

## How To Use CourtCall! - SAN MATEO

### Filling Out The Form

**1. Serve:** Not less than 5 Court Days before the hearing (or 4:30 PM the Court day prior to hearing for Dept. 1 through 6/30/04 or Dept. 3 from 7/1/04 through 12/31/04) COMPLETELY fill out the original of the Request for CourtCall Appearance (the "Request Form"). Retain the original Request Form in your file. DO NOT FILE IT WITH THE COURT. Check the box indicating the method of payment of the fee. **INCOMPLETE REQUEST FORMS MAY RESULT IN A DELAY IN PROCESSING!!**

**2. Fax to CourtCall:** Fax a copy of the Form to CourtCall not less than 5 Court days prior to the hearing (of 4:30 pm the Court day prior to hearing for Dept. 1 or Dept. 3 as noted above). Do not fail to do so, as the CourtCall Calendar is set through these faxes!! **LATE FILINGS, IF ACCEPTED, ARE SUBJECT TO A LATE FEE!!**

**3. Payment by Credit Card:** Fill out credit card information *only* on the copy faxed to CourtCall and have that copy SIGNED by the PERSON WHOSE NAME IS ON THE CREDIT CARD.

**4. Payment by Check:** Fax a copy of check - write case # on check-payable to Telephonic Hearing Account to CourtCall with your Form and mail your check and a copy of your Form to CourtCall.

**5. Proof of Payment/CalendarConfirmation:** Under normal circumstances you should receive a Confirmation from CourtCall, by fax, within 24 hours of submission of a completed Request Form. The Confirmation will contain your teleconference number and access code (if any**).

**IF YOU DO NOT RECEIVE YOUR FAXED CONFIRMATION FROM COURTCALL WITHIN 24 HOURS OF SUBMISSION, CALL COURTCALL IMMEDIATELY TO VERIFY YOUR STATUS - WITHOUT A WRITTEN CONFIRMATION YOU ARE NOT ON THE COURTCALL CALENDAR!**

FOR INFORMATION AND QUESTIONS ABOUT A COURTCALL APPEARANCE, CALL COURTCALL, NOT THE CLERK/COURT!

### When You Make The Call

* YOU MUST CALL THE TOLL FREE NUMBER ON YOUR CONFIRMATION 5 MINUTES BEFORE YOUR SCHEDULED HEARING TIME. NEVER USE A CELLULAR OR PAY PHONE. If prompted, dial your Access Code.** You will be advised whether you are joining the call in progress or if you are the first to call or you may be placed on "music-on-hold."

* If Court has commenced, DO NOT INTERRUPT! You will have an opportunity to speak. If the call is in progress and you hear voices, wait until an opportunity to speak arises without interrupting others. The Clerk may be performing a check-in and will get to you.**

* After check-in wait until your case is called. Use your speakerphone while waiting if you are able to mute the microphone to eliminate ambient noise. When your case is called you MUST USE THE HANDSET. Identify yourself each time you speak and use common courtesy.

* If you are the first person on the call be patient, even if you experience silence or are placed on "music-on-hold," as the Clerk will join the call in due course. As others join you will hear a mild beep-beep" indicating others are on the line. Until your case is called do not speak other than with the Clerk. ** If the Clerk does not join the call within 15 minutes after your scheduled hearing time, have a staff member call CourtCall on our toll free Help Line - (888) 882-6878 and we will be happy to assist you. **DO NOT LEAVE THE LINE!**

.**If the Confirmation from CourtCall does not list an access code with your assigned teleconference number, your matter will be heard privately, not in open court. The 5 minute check-in period will be conducted by a Teleconference Specialist who will conduct the conference in accordance with the Court's instructions. You will be placed on "music-on-hold" while you wait for the Judge to call your matter. The rules regarding cell phones and use of handsets apply. IF YOUR HEARING IS CONTINUED YOU MUST NOTIFY COURTCALL OF THE CONTINUANCE , IN WRITING, PRIOR TO YOUR COURTCALL APPEARANCE TO HAVE YOUR FEE APPLY TO THE CONTINUED HEARING. MATTERS CONTINUED AT THE TIME OF THE HEARING REQUIRE A NEW FORM AND A NEW FEE FOR THE CONTINUED DATE.

<table>
<tr><td>

ATTORNEY OF RECORD (Name /Address/Phone/Fax):




State Bar No._____

ATTORNEY FOR (Name):

San Mateo Superior Court

</td><td>

DO NOT FILE WITH COURT

COMPLETELY FILL OUT/CORRECT
FORM BEFORE SUBMITTING TO
COURTCALL!!

</td></tr>
<tr><td>

REQUEST FOR COURTCALL TELEPHONIC APPEARANCE

</td><td>

CASE NUMBER:

JUDGE/DEPARTMENT:

DATE AND TIME:

NATURE OF HEARING:

</td></tr>
</table>

1. _____ (Name of specific attorney appearing telephonically) requests a CourtCall telephonic calendar appearance at the above referenced proceeding and agrees to provisions of the Rule/Order/Procedure Re: CourtCall Telephonic Appearances. **I UNDERSTAND THAT _I DIAL_ INTO THE CALL FIVE MINUTES BEFORE ITS SCHEDULED START TIME.**

2. Not less than five Court days prior to hearing (or 4:40 pm the Court day prior for Dept. 28), a copy of this document was served on all other parties and faxed to CourtCall, Telephonic Appearance Program Administrator at (310) 572-4679 OR (888) 88-FAXIN.

3. The non-refundable CourtCall Appearance Fee in the sum of $55.00 (plus additional fee of $35.00 if late filing is accepted) is paid as follows:

   ☐ Check (copy faxed-write case # on check) payable to CourtCall. DO NOT MAIL ORIGINAL. Signature below authorizes an ACH (electronic) debit in the amount and from the account listed on the check.

   ☐ Charged to CourtCall Debit Account No.:_____

   ☐ Charged to VISA, MasterCard or American Express:

   > **TO BE COMPLETED ONLY ON THE COPY SUBMITTED TO CourtCall, LLC:**
   >
   > Credit Card:    O VISA    O MasterCard    O American Express
   >
   > Credit Card Number:_____ Expiration Date:_____
   >
   > To pay by credit card, the copy of this form submitted to CourtCall, LLC, must be signed by the person whose card is to be charged and must be faxed to CourtCall at (310) 572-4670 or (888) 88-FAXIN with the above credit card information completed. The signature below constitutes authorization to charge the above referenced credit card.
   >
   > Date:_____ Name on Card:_____
   >
   > _____ Type Name    _____ Signature

4. **Request Forms are processed within 24 hours. Call CourtCall if you do not receive a faxed Confirmation from CourtCall within 24 hours. WITHOUT A WRITTEN CONFIRMATION YOU ARE NOT ON THE COURTCALL CALENDAR AND MAY BE PRECLUDED FROM APPEARING TELEPHONICALLY! COURTCALL'S LIABILITY CONCERNING THIS TELEPHONIC APPEARANCE IS LIMITED TO THE FEE PAID TO COURTCALL.**

Dated:_____    _____
                                         Signature

4.25.02                **REQUEST FOR COURTCALL TELEPHONIC APPEARANCE**

**PROOF OF SERVICE**

I, Pamela R. Saunders, declare as follows:

I am employed in the County of San Francisco, State of California; I am over the age of eighteen years and am not a party to this action; my business address is One Montgomery Street, San Francisco, California, 94104, in said County and State. On the date indicated below, I served the within:

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441**

by placing a true copy thereof in an envelope addressed to each of the persons named below at the address shown:

> Cliff Palefsky
> McGuinn, Hillsman & Palefsky
> 535 Pacific Avenue
> San Francisco, CA 94133
> Tel:    (415) 421-9292
> Fax:    (415) 403-0202
> *Attorneys for STEPHEN RACE*

☒ **BY MAIL:** I placed a true copy in a sealed envelope addressed as indicated above, on the date shown below. I am familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT DELIVERY:** I placed a true copy in a sealed envelope addressed as indicated above, on the date shown below. I am familiar with Gibson, Dunn & Crutcher's practice in its above-described San Francisco office for the collection and processing of correspondence for distributing by Federal Express, UPS, and/or U.S. Postal Service Overnight Mail; pursuant to that practice, envelopes placed for collection at designated locations during designated hours are deposited at the respective office that same day in the ordinary course of business.

☐ **BY PERSONAL SERVICE :** I placed a true copy in a sealed envelope addressed to each person[s] named at the address[es] shown and giving same to a messenger for personal delivery before 5:00 p.m. on the date shown below; OR ☐ I personally served the document[s] by personally handing the sealed envelope[s] to each person[s] indicated above.

☐ **BY FACSIMILE:** From facsimile machine telephone number (415) 986-5309, on the date shown below, I caused to be served a full and complete copy of the above-referenced document[s] by facsimile transmission to the person[s] at the number[s] indicated.

I certify under penalty of perjury that the foregoing is true and correct, that the foregoing document(s) were printed on recycled paper, and that this Certificate of Service was executed by me on October 26, 2007, at San Francisco, California.

_____
Pamela R. Saunders

1

PROOF OF SERVICE
CASE NO. SCV 239954