GIBSON, DUNN & CRUTCHER LLP
ETHAN D. DETTMER, SBN 196046
JAIME D. BYRNES, SBN 237991
One Montgomery Street
San Francisco, California 94104
Telephone: (415) 393-8200
Facsimile: (415) 986-5309
Email: edettmer@gibsondunn.com

Attorneys for Defendant
BALLY TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| STEPHEN RACE,<br><br>             Plaintiff,<br><br>   v.<br><br>BALLY TECHNOLOGIES, INC.,<br>a Nevada Corporation,<br><br>             Defendant. | CASE NO. C07-5475 JCS<br><br>**ANSWER TO COMPLAINT FOR BREACH OF CONTRACT AND SPECIFIC PERFORMANCE** |

Defendant Bally Technologies, Inc. ("Bally"), by and through its undersigned attorneys, answer the Plaintiff's Complaint and state additional defenses as follows:

1. Bally admits that it is a gaming company that designs, manufactures, operates and distributes slot and video machines to the gaming industry. Bally denies the remaining allegations in Paragraph 1 of the Complaint, but avers that it does have one subsidiary that is authorized to do and does conduct limited business in the State of California.

2. Defendant denies the allegation in Paragraph 2.

3. Paragraph 3 does not state any factual allegations, and thus no response is required. To the extent any response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and on that basis denies those allegations.

4. Paragraph 4 consists of legal conclusions, as to which no response is required. To the extent any response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint and on that basis denies those allegations.

**FACTS COMMON TO ALL CAUSES OF ACTION**

5. Defendant admits that in May 2005, Jacques André (the Chair of Bally's Board of Directors' Nomination and Governance Committee) called Plaintiff in California. André explained that a seat had been vacated by a retiring Director. André inquired as to whether Plaintiff would be interested in filling the seat, whose term was scheduled to expire at the 2007 shareholders' meeting. Plaintiff responded affirmatively. During a second phone call, André informed Plaintiff that he had been elected to the position by a vote of the Board. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 5 of the Complaint and on that basis denies those allegations.

6. Defendant admits that during the two conversations in May of 2005, André and Plaintiff discussed the compensation provided to Directors pursuant to Bally's bylaws. Defendant denies the remaining allegations in Paragraph 6 of the Complaint.

7. Defendant admits that its Directors receive compensation of $50,000 per year, plus an additional $5,000 per year for each committee on which the Director serves.

8. Defendant is without sufficient knowledge or information to form a belief as to where Plaintiff was located during the two May 2005 conversations between André and Plaintiff, and on that basis denies the allegation. The remaining allegations in Paragraph 8 consist of legal conclusions, as to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 8.

9. Defendant denies that Plaintiff was officially elected to the Board in late June 2005. Defendant admits that Plaintiff received a fully vested option to purchase 50,000 shares on June 30, 2005.

10. Defendant admits that Plaintiff received an additional grant of fully vested options to purchase 20,000 shares on March 6, 2006. Defendant denies the remaining allegations in Paragraph 10.

11. Defendant admits that Plaintiff's term as a Director ended on May 3, 2007, the date of the annual shareholders' meeting. Defendant denies that Plaintiff was entitled to any additional options, and therefore further denies that it has refused to grant Plaintiff any options to which he was entitled.

**FIRST CAUSE OF ACTION - BREACH OF CONTRACT**

12. Defendant reaffirms its responses and denials, as set forth in Paragraphs 1-11.

13. Paragraph 13 consists of legal conclusions, as to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 13.

14. Defendant denies the allegations in Paragraph 14.

15. Paragraph 15 consists of legal conclusions, as to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 15.

16. Defendant denies that Plaintiff has suffered any damages, including a loss of income or benefits, as a direct and proximate result of Defendant's conduct. The remaining allegations in Paragraph 16 consist of legal conclusions, as to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 16.

**SECOND CAUSE OF ACTION - SPECIFIC PERFORMANCE**

17. Defendant reaffirms its responses and denials, as set forth in Paragraphs 1-16.

18. Paragraph 18 consists of legal conclusions, as to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 18.

19. Paragraph 19 consists of legal conclusions, as to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 19.

20. Defendant denies the allegations in Paragraph 20.

21. Paragraph 21 consists of legal conclusions, as to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 21.

**SEPARATE & ADDITIONAL DEFENSES**

Without assuming any burden of proof that they would not otherwise bear, Defendants assert the following separate and additional defenses:

**FIRST SEPARATE AND ADDITIONAL DEFENSE**

Plaintiff's complaint, and each and every cause of action contained therein, fails to set forth facts sufficient to constitute a cause of action against Defendant.

**SECOND SEPARATE AND ADDITIONAL DEFENSE**

Plaintiff's complaint, and each and every purported claim for relief alleged therein, fails to state a claim upon which compensatory damages, special and incidental damages, punitive damages, attorneys' fees, and/or interest may be awarded.

**THIRD SEPARATE AND ADDITIONAL DEFENSE**

Plaintiff's complaint, and each and every purported claim for relief alleged therein, fails to state a claim upon which equitable relief or injunctive relief (including but not limited to an order to deliver options to purchase stock to the Plaintiff) may be awarded.

**FOURTH SEPARATE AND ADDITIONAL DEFENSE**

Plaintiff's claims for equitable relief, including its claims for restitution and injunction, are barred because Plaintiff, members of the potential class and members of the general public have an adequate remedy at law.

**FIFTH SEPARATE AND ADDITIONAL DEFENSE**

As a defense to the Complaint and each and every allegation contained therein, Plaintiff is estopped from recovery by reason of his own conduct, acts, and omissions.

**SIXTH SEPARATE AND ADDITIONAL DEFENSE**

To the extent other persons or entities that are not parties at this time, are found to be at fault in any degree in this matter, Defendant shall be entitled to contribution, indemnity and/or fair apportionment of fault pursuant to applicable law.

**SEVENTH SEPARATE AND ADDITIONAL DEFENSE**

Bally has insufficient knowledge or information upon which to form a belief as to whether they may have additional, as yet unstated, separate defenses available. Bally's investigation into the Complaint is ongoing, and it therefore reserves the right to plead any other appropriate separate and additional defenses that discovery or further legal analysis may reveal during the course of this litigation.

**PRAYER**

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by his Complaint, and that judgment be entered against Plaintiff and in favor of Defendant;

2. That Defendant be awarded costs of suit incurred in defending this action, including reasonable attorneys' fees; and

3. For such other and further relief as the Court may deem just and proper.

DATED: November 2, 2007        GIBSON, DUNN & CRUTCHER LLP

By: _____/s/_____
          Jaime D. Byrnes

Attorneys for Defendant Bally Technologies, Inc.