GIBSON, DUNN & CRUTCHER LLP
ETHAN D. DETTMER, SBN 196046
JAIME D. BYRNES, SBN 237991
One Montgomery Street
San Francisco, California 94104
Telephone: (415) 393-8200
Facsimile: (415) 986-5309
Email: edettmer@gibsondunn.com

Attorneys for
BALLY TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| STEPHEN RACE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>BALLY TECHNOLOGIES, INC.,<br>a Nevada Corporation,<br><br>　　　　Defendant. | CASE NO. C07-5475 JCS<br><br>**DECLARATION OF MARK LERNER IN SUPPORT OF MOTION TO CHANGE VENUE TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA PURSUANT TO 28 U.S.C. § 1404(a)** |

I, Mark Lerner, declare as follows:

1. The following facts are of my own personal knowledge, and if called as a witness I could and would competently testify as to their truth. I submit this declaration in support of the motion of Bally Technologies, Inc. ("Bally") to change venue to Nevada.

2. I am the Senior Vice President for Law and Government, Secretary, and General Counsel of Bally, a role I have served in since August 2000.

3. Bally is a Nevada Corporation, with its principal place of business in Las Vegas, Nevada. Bally is a publicly traded corporation, traded on the New York Stock Exchange; prior to March 13, 2006, Bally was traded under the name Alliance Gaming Corporation. *Id.* Bally is a gaming

company that designs, manufactures, operates and distributes slot machines and related systems to casinos and other customers. Bally is not registered to do business in California, nor does it conduct business in California, although it has one subsidiary that is licensed to conduct and does conduct business in California.

4. On May 25, 2005, the Board of Directors convened a telephonic meeting, which I attended, for the purpose of appointing a new director to fill a vacant seat expiring on December 2006. Jacques André, the Chairman of Bally's Nomination and Governance Committee, stated that he had called Stephen Race the previous day, asking whether he would be interested in serving on Bally's Board of Directors, and Race had indicated that he would. The Board elected Race to the position, which was extended to Race by telephone the same day. It is my understanding that Mr. André was in New Jersey on both May 24 and May 25, and participated in all three calls from that location.

5. Race served on the Board from June 2005 to May 2007. During his two years as a Director, Race was required to attend and did attend the Board's meetings, which were all held in Las Vegas, Nevada, with the exception of one meeting held in Atlantic City, New Jersey. The Board did not hold any meetings in California. In addition to the Board's regularly scheduled meetings, the Board convened by telephone on a number of occasions, during which Directors telephoned in from their respective locations. I also believe that certain correspondence was sent to Race in California, relating to his duties as a Director.

6. As a publicly traded company, the compensation of Bally's Directors is governed by its Bylaws and board resolutions and not negotiated on a one-off basis. Bally's payments to Steve Race were governed by the resolutions adopted by the company's board of directors at its October 27, 2004, and April 22, 2003, meetings in Las Vegas, Nevada. All cash payments made to Bally's Directors are calculated and paid from the corporate headquarters in Las Vegas, Nevada. All grants of stock options are also calculated and issued from the corporate headquarters in Las Vegas, Nevada. All of the stock option agreements between Bally and Race expressly state that they are governed by Nevada law. Bally's decision to and subsequent refusal to pay the options demanded by Race in his complaint occurred in Las Vegas, Nevada.

7. All of Bally's senior managers and Directors who would have knowledge of Stephen Race's service on the Board, compensation received, and Director election and compensation policies, either reside in or near Las Vegas, Nevada, or travel there regularly for business with Bally; none of these individuals resides in Northern California. I am not aware of any potential witnesses with knowledge related to director compensation, save Plaintiff himself or his counsel, who reside in the Northern District of California.

8. The Chief Financial Officer, Corporate Accounting Officer, stock option administrator, all accounts payable department personnel, and all employees in the tax department all work in Las Vegas, Nevada, and to my knowledge reside in Nevada. These individuals are collectively responsible for and could testify to Bally's methods for calculating and issuing stock options to the directors, among other duties. In addition, Jacques André resides in New Jersey but travels regularly to Las Vegas, Nevada, on board business. He does not reside in nor, to my knowledge, regularly travel to California. Mr. André can testify to the discussions with Mr. Race in May 2005, and Mr. Race's election to and tenure on the Board.

9. Bally's software, facilities, and hard copy records are maintained by employees based in Bally's Las Vegas headquarters. I am not aware of any documents or other evidence related to the stock options or payments due directors that are being stored or held in California.

I declare, under the penalty of perjury under the laws of the United States that these facts are true and correct and that this Declaration is executed this 2 day of November 2007 at Las Vegas, Nevada.

_____
Mark Lerner