IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN RACE, | No. C 07-5475 CW |
|     Plaintiff, | ORDER DENYING DEFENDANT'S MOTION |
|   v. | TO TRANSFER VENUE |
| BALLY TECHNOLOGIES, INC., | |
|     Defendant. | |

This case concerns a dispute over compensation Plaintiff Stephen Race claims he is owed for his service as a director of Defendant Bally Technologies, Inc. Defendant moves to transfer this action to the District of Nevada. Plaintiff opposes Defendant's motion. The matter was taken under submission on the papers. Having considered all of the materials submitted by the parties, the Court denies Defendant's motion.

BACKGROUND

Bally is a Nevada corporation with its principal place of business in Las Vegas. It is a gaming company that designs, operates and distributes slot machines and related systems. Plaintiff is a longtime resident of California.

In May, 2005, Jacques Andre, the Chairman of Bally's

Nomination and Governance Committee, contacted Plaintiff by telephone and asked whether he would be interested in filling a vacant seat on Bally's board of directors. Plaintiff responded that he was interested in serving on the board. At the time of the telephone conversation, Plaintiff was located in California and Andre was located in New Jersey. The board subsequently elected Plaintiff to serve as a director.[1]

Plaintiff served on Bally's board from June, 2005 until May, 2007. During this time, he attended the board's regularly scheduled meetings, which, with one exception, all took place in Las Vegas.[2] During this time, the board also convened telephonically on an unspecified number of occasions. Plaintiff participated in these meetings by calling in from his location at the time.

Plaintiff claims he was not fully compensated for his final year of service on Bally's board. Specifically, he alleges that, during the May, 2005 telephone conversation, Andre promised him an annual grant of fully vested options to purchase 30,000 shares of Bally's common stock. He claims that he was not given these options for his last year of service. Bally denies that Plaintiff was entitled to the options.

---

[1] Plaintiff alleges that Andre offered him a position on the board during the telephone conversation, and that a contract was formed when Plaintiff accepted the offer during the same conversation. For the purposes of this motion, the Court need not decide whether a contract was formed at the time of the conversation.

[2] The exception is a meeting that was held in Atlantic City, New Jersey.

DISCUSSION

Title 28 U.S.C. § 1404(a) provides as follows: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Plaintiff does not dispute that he could have brought this action in the District of Nevada. Thus, the only question before the Court is whether the other factors contemplated by § 1404(a) support transfer. The statute itself identifies three factors: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. 28 U.S.C. § 1404(a). The Ninth Circuit has articulated other considerations that are subsumed in these basic factors, including: the plaintiff's choice of forum; ease of access to the evidence; the familiarity of each forum with the applicable law; the nexus between the forum and the causes of action; the feasability of consolidating other claims; any local interest in the controversy; the relative court congestion and time of trial in each forum; the location where the relevant agreements were negotiated and executed; the parties' contacts with the forums; any difference in the costs of litigation between the two forums; and the availability of compulsory process to compel attendance of unwilling non-party witnesses. Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986); Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000). No single factor is dispositive, and a district court has broad discretion to adjudicate motions for transfer on a case-by-case basis. Stewart Org. Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); Sparling v.

3

Hoffman Constr. Co., Inc., 964 F.2d 635, 639 (9th Cir. 1988).

A.   Plaintiff's Choice of Forum

Ordinarily, the plaintiff's choice of forum is given significant weight and will not be disturbed unless other factors weigh substantially in favor of transfer. Decker, 805 F.2d at 843. This is especially true when the forum chosen by a plaintiff is his domicile and his cause of action has a significant connection with the forum. L.A. Mem'l Coliseum Comm'n v. Nat'l Football League, 89 F.R.D. 497, 499 (C.D. Cal. 1981) (citing Pac. Car and Foundry Co. v. Pence, 403 F.2d 949, 954 (9th Cir. 1968)). However, "if the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled only to minimal consideration." Ctr. for Biological Diversity and Pac. Env't v. Kempthorne, 2007 WL 2023515, at *3 (N.D. Cal.) (quoting Pac. Car and Foundry, 403 F.2d at 954)); see also Lou v. Blezberg, 834 F.2d 730, 739 (9th Cir. 1987), cert. denied, 485 U.S. 993 (1988).

Here, Plaintiff chose as his forum California, where he has resided for a number of years. While many of the events giving rise to his causes of action took place in Nevada, some of them nonetheless occurred in California. Plaintiff was in California when Andre asked him to serve as a director, and he participated in telephonic board meetings from his location in California. Presumably, he also discharged some of his duties as director from his office in the San Francisco Bay Area. Thus, Plaintiff's choice of forum is entitled to significant weight.

4

B.   Interest in the Litigation

It is true that Nevada has an interest in regulating the conduct of corporations organized under its laws and in having lawsuits related to such conduct litigated in the District of Nevada. See Edgar v. MITE Corp., 457 U.S. 624, 645 (1982); Decker, 805 F.2d at 843. However, this case is not a complex matter involving the intricacies of Bally's corporate governance. Plaintiff's causes of action sound in contract; he alleges simply that he was not paid compensation he was promised when he accepted Bally's offer to serve on its board. Defendant has not suggested that a resolution of this case will turn on the nuances of Nevada corporate law. Accordingly, Nevada's interest in the matter is attenuated and does not provide a sufficient reason to depart from Plaintiff's choice of forum.

C.   Convenience for the Parties and Witnesses

This Court is a more convenient forum for Plaintiff because he resides in California. The District of Nevada, in turn, is more convenient for Bally because it is headquartered in Las Vegas.

The federal transfer statute specifically mentions the convenience of the parties as a justification for transfer, and courts often give great weight to the residence of the parties. 28 U.S.C. § 1404(a); L.A. Mem'l Coliseum Comm'n, 89 F.R.D. at 499. However, courts will not transfer a case on convenience grounds when the effect would be simply to shift the inconvenience from one party to another, especially when the plaintiff's choice of forum has been made in good faith rather than as a matter of forum shopping. STX, Inc. v. Trik Stik, Inc., 708 F. Supp. 1551, 1556

5

(N.D. Cal. 1988); Decker, 805 F.2d at 843.

Plaintiff made a good faith choice of California as a forum. Bally does not allege that Plaintiff chose California for any improper reason, such as forum shopping or harassment. A transfer to Nevada would simply shift the burden of inconvenience from Bally to Plaintiff. Because transfer of venue should not be used to shift the burden of inconvenience from one party to another, the convenience of the parties does not provide a basis for transferring this case to the District of Nevada.

Bally also notes that, except for Plaintiff, the witnesses in this case will likely be its senior managers and members of its board of directors, for whom Nevada would be a more convenient forum than California. While convenience for non-party witnesses is a consideration in deciding whether to grant or deny a motion to transfer, it is relatively unimportant when the witnesses are individuals whose testimony may be compelled by a party. STX, 708 F. Supp. at 1556. The principle that transfer may not be used to shift an inconvenience from one party to another operates with respect to witnesses as well as to parties. See Decker, 805 F.2d at 843. The witnesses in this case, with the exception of Plaintiff himself, are all individuals associated with Bally, and there is no indication that they would not appear to testify if the case remained in the Northern District of California. Therefore, the convenience of witnesses does not provide grounds for transfer.

D.  Access to the Evidence

Bally states that nearly all of the documents that will be produced during discovery are located in Nevada. There is no

6

indication, however, of any impediment to bringing or shipping the documents to California. Thus, this factor is neutral.

E.   Location of Events Giving Rise to the Causes of Action

The decision not to grant Plaintiff the stock options he seeks was made by Bally's board of directors, which meets in Nevada. In addition, Plaintiff traveled regularly to Las Vegas for these meetings. Thus, the resolution of this case will depend in part on an examination of events that occurred in Nevada.

Nonetheless, Plaintiff is a California resident and was present in California when Andre asked him to serve as a director. He also participated in telephonic board meetings from California, discharging certain of his duties to Bally from within this State. Moreover, the events upon which this lawsuit is based are not so intimately connected with Nevada that it would be difficult to litigate the matter outside of that forum. Accordingly, this factor does not outweigh the weight ordinarily given to Plaintiff's choice of forum.

E.   Difference in Costs of Litigation

Bally argues that litigation in this district would be more expensive than litigation in the District of Nevada due to the cost of arranging for the attendance of witnesses. As discussed above, with the exception of Plaintiff, all potential trial witnesses either reside in Nevada or travel there regularly as part of their official duties. However, the cost of witness travel to California is likely to be a negligible expense compared with the expense of legal fees. Therefore, this factor does not weigh significantly in favor of transfer.

7

CONCLUSION

The Court finds that the factors discussed above do not support transferring this case to the District of Nevada. Accordingly, Bally's motion to transfer venue is DENIED.

IT IS SO ORDERED.

Dated: 1/8/08

CLAUDIA WILKEN
United States District Judge