1  Cliff Palefsky, Esq. (State Bar No. 77683)
   Carolyn Leary, Esq. (State Bar No. 226845)
2  McGUINN, HILLSMAN & PALEFSKY
   535 Pacific Avenue
3  San Francisco, CA 94133
   Telephone: (415) 421-9292
4
   Attorneys for Plaintiff
5  STEPHEN RACE

6  Ethan D. Dettmer, SBN 196046
   Jaime D. Byrnes, SBN 237991
7  GIBSON, DUNN & CRUTCHER LLP
   One Montgomery Street
8  San Francisco, California 94104
9  Telephone: (415) 393-8200
   Facsimile: (415) 986-5309
10
   Attorneys for Defendant
11 BALLY TECHNOLOGIES, INC.

12
13            UNITED STATES DISTRICT COURT
14         FOR THE NORTHERN DISTRICT OF CALIFORNIA
                    OAKLAND DIVISION
15

| | |
|---|---|
| 16 STEPHEN RACE, | CASE NO. C07-5475 CW |
| 17 | |
| 18 Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| 19 v. | Conference: February 12, 2008 |
| 20 BALLY TECHNOLOGIES, INC., | Time: 2:00 pm |
|    a Nevada Corporation, | Judge: Hon. Claudia Wilken |
| 21 | |
| 22 Defendant. | [Fed. R. Civ. P. 16] |

1. **JURISDICTION AND SERVICE.**

   This case was removed from California State Court on October 26, 2007, pursuant to this court's diversity jurisdiction. No personal jurisdiction issues exist as to either Plaintiff Stephen Race or Defendant Bally Technologies, Inc., nor are there any remaining issues as to venue. All parties have been served.

2. **FACTS**

   a. **Plaintiffs' Description of the Case**

   This is a breach of contract case. The Plaintiff is Stephen Race ("Race" or "Plaintiff"). The Defendant is Bally Technologies, Inc. ("Bally" or "Defendant"). Race served as a member of the Bally Board of Directors from June 2005 until May 3, 2007. Race and Bally entered into a contract regarding the compensation Race would receive for his services as a director. Pursuant to the contract, Race was to receive certain grants of stock options to purchase shares of common stock.

   Plaintiff alleges that Bally breached the compensation contract by refusing to grant him all of the stock options to which he was entitled. Bally denies that it breached the compensation contract and instead contends that Plaintiff was fully compensated under the terms of the contract.

   b. **Defendants' Description of the Case**

   Bally's director compensation is set by resolution of the entire Board of Directors. It is subject to change at any time, and directors have no contractual entitlement to any particular compensation. Indeed, during Race's twenty-two month tenure as a director the Board did in fact modify director compensation. In addition to cash compensation of $55,000 a year, Race received an initial grant of 50,000 options, as well as a second, "annual" grant of 20,000 options, in accordance with resolutions adopted by the Board of Directors. After he left the board in May 2007, he exercised those options netting $1,356,300. Race contends that he was entitled to yet another 30,000 options following his departure from the Board. Bally's position, as affirmed by the Board of Directors, is that a departing director does not receive an annual option grant, and the company is unaware of any situation where options have been awarded in such circumstances.

3. **LEGAL ISSUES**

   The only issue in this case is the determination of what compensation Race had a legal right to demand as a Director of Bally. If liability is determined, there will also be a question as to what damages Race suffered, i.e. the monetary value of the options.

4.  **MOTIONS**

Defendant moved to transfer the case to the District of Nevada on November 15, 2007. This court denied the motion on January 8, 2008.

Both parties intend to file motions for summary judgment.

No other motions are currently anticipated by either party.

5.  **AMENDMENT OF PLEADINGS**

Neither side has any intent to amend the pleadings at this time.

6.  **EVIDENCE PRESERVATION**

Race is preserving all relevant evidence in his possession.

Bally has instructed the employees and directors that were involved in the director compensation process to preserve all evidence relevant to interpretation of the company's director compensation policy, whether stored in hardcopy or electronic form.

7.  **DISCLOSURES**

The parties will make their initial disclosures by February 5, 2008, as required by FRCP 26.

8.  **DISCOVERY**

Both parties agree that only minimal discovery will be required, in light of the narrow scope of the dispute. Discovery has not yet commenced. Plaintiff anticipates taking the deposition of Jacques Andre; Defendant anticipates taking the deposition of Stephen Race. Both parties intend to issue very limited and minimal document requests in the coming weeks, centering on production of documents and correspondence aiding in understanding the director compensation structure and the parties' understanding thereof.

9.  **CLASS ACTION**

Not applicable.

10.  **RELATED CASES**

None.

11.  **RELIEF SOUGHT**

Plaintiff intends to seek either specific performance or the monetary value of the contested options. Both parties agree that if any damages are due, the amount owing will be calculated by

deducting the cost of the options from the public trading price during the relevant period, subject to the limitations of the applicable stock option agreement and plan. Defendant does not have a counterclaim at this time.

### 12. SETTLEMENT & ADR

The parties have agreed to use a court-appointed mediator to facilitate settlement discussions. Both parties have complied with ADR Local Rule 3-5. The parties will be ready to engage in ADR after the agreed upon document production occurs.

### 13. CONSENT TO MAGISTRATE JUDGE

There is not unanimous consent to proceed before a magistrate judge.

### 14. OTHER REFERENCES

The parties do not believe any of these references would be appropriate.

### 15. NARROWING OF ISSUES

The parties have already narrowed the case to a single issue of liability. At this time the parties do not believe that the issues can be further narrowed by stipulation, bifurcation, or otherwise.

### 16. EXPEDITED SCHEDULE

The parties are eager to handle this matter in as efficient a manner as possible. While the parties do not believe that there are any particular streamlined procedures that will be useful here, the parties are happy to discuss this issue at the Initial Case Management Conference.

### 17. SCHEDULING

The parties intend to conduct discovery during the spring, concluding by July. Expert designations are proposed to occur by June 1, 2008. The discovery cutoff is proposed for July 1, 2008. The parties anticipate hearing on any dispositive motions occurring in October, with a trial if needed to follow in late November or early December.

### 18. TRIAL

The parties anticipate a jury trial lasting one or two days.

### 19. DISCLOSURE OF NON-INTERESTED ENTITIES OR PERSONS

The parties have made the required Local Rule 3-16 disclosures. Cliff Palefsky, attorney of record for Stephen Race, and Jaime Byrnes, attorney of record for Bally Technologies, Inc., certified

as to their respective clients as follows: "Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report."

**20. OTHER**

None.

DATED: January 29, 2008

GIBSON, DUNN & CRUTCHER LLP
ETHAN D. DETTMER
JAIME D. BYRNES

By: _____
         Jaime D. Byrnes

Attorneys for Bally Technologies, Inc.

DATED: January 29, 2008

McGUINN, HILLSMAN & PALEFSKY
CLIFF PALEFSKY
CAROLYN LEARY

By: _____
         Cliff Palefsky

Attorneys for Stephen Race

100377607_1.DOC

Gibson, Dunn &
Crutcher LLP

4

JOINT CASE MANAGEMENT STATEMENT                                                 CASE NO. C07-5475 CW